GILBANE BUILDING COMPANY *et al. vs.* NICOLA DEFILLIPO.

JULY 3, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition by an employer and its insurance carrier to review a preliminary agreement for workmen's compensation on the ground that the compensable incapacity therein agreed to had terminated. After a hearing in the superior court the trial justice expressly found that "respondent is no longer incapacitated from the injuries set out in the preliminary agreement," and ordered a decree entered terminating respondent's total disability compensation forthwith. From that decree respondent has appealed to this court.

This appeal was heard here together with an appeal from the denial of the employee's petition to amend the preliminary agreement, as both cases had been tried at the same time in the superior court before the same justice. The other appeal is the subject of a separate opinion filed this day and therefore will not be discussed here. *DeFillipo* v. *Gilbane Building Co.,* 79 R. I. 462.

In the instant case the respondent employee claimed an appeal in which he alleged that the decree of the superior court was against the law and the evidence. However, he did not press either reason in his argument before us. On the contrary we understood him to concede in effect that the decree was correct. He expressly stated in his brief that there seemed to be no argument against the decision

462

upon which the decree is based. Indeed, his entire brief is concerned solely with a discussion of the reasons in support of the other appeal.

Apparently the only purpose of the appeal now under consideration was to preserve the *status quo* pending determination of the other appeal. In the circumstances we must conclude that respondent has waived his reasons of appeal in the instant case since he has neither briefed nor argued them. This being so there is no need for any further discussion here of the evidence or the law upon which the trial justice relied in granting the petition to terminate respondent's compensation.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring, Thomas J. Hogan,* for petitioner.

*Francis Cappalli,* for respondent.